**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| MACNEIL AUTOMOTIVE PRODUCTS LIMITED, an Illinois Corporation, d/b/a WEATHERTECH, and MACNEIL IP, LLC, an Illinois Limited Liability Company, | ) ) ) ) | |
| | ) | Case No. |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| AutoDNA LLC, a Delaware Limited Liability Company and JOHN BUTLER; all d/b/a Weatherspec.com | ) ) ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs, MacNeil Automotive Products Limited d/b/a WeatherTech, and MacNeil IP LLC, (collectively "WeatherTech") by and through their undersigned counsel, and for their Complaint against Defendants AutoDNA LLC and John Butler (collectively "Defendants" or "WeatherSpec") allege as follows:

**NATURE OF THE ACTION**

1.    This is an action against Defendants for copyright infringement, trademark infringement, trademark dilution, false designation of origin, unfair competition, unjust enrichment and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act.

**PARTIES**

2.    Plaintiff WeatherTech is a corporation organized under the laws of the State of Illinois with a principal place of business located at 1 MacNeil Court, Bolingbrook, Illinois. WeatherTech is a designer, manufacturer and supplier of automotive accessories including,

among other things, 1) protective liners for the cargo area of vehicles and trucks; 2) rubber floor mats for automobiles; 3) bug and stone deflector shields for land vehicles; 4) floor trays for land vehicles; 5) mud flaps for land vehicles; 6) shampoo for land vehicles, cleaner for tires and wheels, wax for land vehicles, glass cleaner, tire shine, cleaner for floor mats and floor trays for land vehicles, water-based protectant applied as a fluid to the surfaces of land vehicle floor mats and floor trays, carpet cleaner, cleaner for the interior of land vehicles, leather cleaner, leather conditioner; 7) rooftop cargo and luggage carriers for vehicles; wind deflectors for attachment to the roof or sides of vehicles; pet barriers for land vehicles; headlight guards; license plate frames, license plate covers and replacement screw caps for license plate covers; 8) windshield sun shades for land vehicles, 9) buckets, scrub brushes, pads for the application and use of preparations for land vehicles, 10) towels, cloth mitts for washing land vehicles, 11) plastic floor tiles, and 12) plastic storage organizers for the cargo areas of land vehicles and trailer hitch steps for attachment to vehicles.

3.     Plaintiff MacNeil IP LLC ("MNIP") is a limited liability company organized under the State of Illinois and has an address of 1 MacNeil Court, Bolingbrook, Illinois.  MNIP is the owner of the copyrights and trademarks asserted herein and has exclusively licensed those copyrights and trademarks to WeatherTech.  WeatherTech and MNIP are commonly controlled.

4.     Upon information and belief, Defendants do business under the name of AutoDNA LLC, a Delaware limited liability company.  Defendant John Butler is listed as the Managing Director of AutoDNA LLC and Founder of RoadCatalogs.com.  WeatherSpec.com is a website registered to Defendant John Butler, shown residing at 15332 Antioch Street, Suite 131, Palisades, California 90272.  RoadCatalogs@yahoo.com is listed as the Registrant's email address under the WHOIS search results for WeatherSpec.com.  Defendants do business by

means of an interactive website known as WeatherSpec.com at which site Defendants offer for sale vehicle floor mats, vehicle cargo mats, vehicle license plate frames, trailer hitch steps, vehicle cargo containment systems, vehicle floor trays, vehicle mud flaps, home mats, vehicle headlight protectors, vehicle pet barriers,  rooftop luggage carriers, vehicle side window deflectors, vehicle battery chargers, vehicle stone and bug deflectors, sunroof wind deflectors, plastic floor tiles, pickup truck bedliners, pet ramps, vehicle sun shades,  and "all WeatherTech Car Care Products."

## JURISDICTION AND VENUE

5.    Plaintiffs reallege all preceding allegations.

6.    This is an action for violation of 17 U.S.C. §501; 15 U.S.C. §1114; 15 U.S.C. §1125(a); 15 U.S.C. §1125(c); 15 U.S.C. §1125(d) and for related claims arising under the State of Illinois's Consumer Fraud and Deceptive Business Practices Act (815 ILCS 510/2, 815 ILCS 505 et seq.) and for claims arising under the Illinois Trademark and Registration Act (765 ILCS 1036, et. seq.) and Illinois Common Law.

7.    This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. §1125(a); 15 U.S.C. §1125(c); 15 U.S.C. §1125 (d); 17 U.S.C. §501; 28 U.S.C. §1331 and 28 U.S.C. §1338 because Plaintiffs' claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. §1367.

8.    This Court has personal jurisdiction over Defendants because they transact business in this District by, on information and belief, using, offering to sell and selling products, including vehicle floor mats, vehicle cargo mats, vehicle license plate frames, trailer hitch steps, vehicle cargo containment systems, vehicle floor trays, vehicle mud flaps, home mats, vehicle headlight protectors, vehicle pet barriers, rooftop luggage carriers, vehicle side window

deflectors, vehicle battery chargers, vehicle stone and bug deflectors, sunroof wind deflectors, plastic floor tiles, pickup truck bedliners, pet ramps, vehicle sun shades, and "all WeatherTech Car Care Products", to customers in this District. Defendants claim to be "Specialists in WeatherTech Protection Products."

9.     Defendants have intentionally created and operate an interactive website to offer products including vehicle floor mats, vehicle cargo mats, vehicle license plate frames, trailer hitch steps, vehicle cargo containment systems, vehicle floor trays, vehicle mud flaps, home mats, vehicle headlight protectors, vehicle pet barriers, rooftop luggage carriers, vehicle side window deflectors, vehicle battery chargers, vehicle stone and bug deflectors, sunroof wind deflectors, plastic floor tiles, pickup truck bedliners, pet ramps, vehicle sun shades, and "all WeatherTech Car Care Products" for sale and solicits online orders from Illinois residents. Defendants are ready and willing to do business with customers within the State of Illinois. Defendants have a shipping template to ship products to Illinois residents. Screenshots of the web site's shipping template are attached hereto as Exhibit 1. The shipping template includes a dropdown list of states, from which a consumer may select the State of Illinois, for each of the billing and shipping addresses. By the adoption and use of this template, Defendants are purposely directing and expressly aiming their business activities to Illinois Residents.

10.     Venue is proper in this District under 28 U.S.C §1391(b) because Defendants are subject to personal jurisdiction in, do business in and have committed acts of infringement in this District and have systemic and continuous business connections and contacts with this District.

## FACTUAL BACKGROUND

11.     Plaintiffs reallege all preceding allegations.

12.     MNIP owns, and WeatherTech is the exclusive licensee of, U.S. Trademark Registration Nos. 1,664,203; 1,891,121; 2,576,007; 3,126,354; 3,534,011; 3,917,056; 4,109,992; 4,325,992 and 4,605,522,  all for the mark WEATHERTECH®, for, among other things, floor trays for land vehicles, protective liners for the cargo areas of land vehicles, bug and stone deflector shields for land vehicles, roof-top cargo and luggage carriers for vehicles, wind deflectors for the attachment to the roof or sides of vehicles, pet barriers for land vehicles, headlight guards, license plate frames, mud flaps for land vehicles, windshield sun shades for land vehicles, shampoo for land vehicles, cleaner for tires and wheels, wax for land vehicles, glass cleaner, tire shine, cleaner for floor mats and floor trays for land vehicles, water-based protectant applied as a fluid to the surfaces of land vehicle floor mats and floor trays, carpet cleaner, cleaner for the interior of land vehicles, leather cleaner, leather conditioner, plastic floor tiles, plastic storage organizers for the cargo area of land vehicles, trailer hitch steps for attachment to land vehicles and rubber floor mats for automobiles. True copies of the aforesaid federal trademark registrations are attached hereto as Exhibit 2.  As the exclusive licensee of the WEATHERTECH mark, WeatherTech has independent standing to sue for infringement of the mark and may seek monetary damages, injunctions and other relief for past, current and future infringement of the mark.

13.     The aforesaid trademark registrations are on the Principal Register of the United States Patent and Trademark Office ("USPTO").  In each of Registration Nos. 1,664,203; 1,891,121; 2,576,007; 3,126,354 and 3,534,011, MNIP has caused to be filed a Declaration of Continued Use and Incontestability under 15 U.S.C. §§ 1058 and 1065.  These Declarations have

been accepted by the USPTO, rendering the last said registrations "incontestable" as defined by 15 U.S.C. § 1065.

14.     Since 1989, WeatherTech has used the WEATHERTECH mark in interstate commerce.  Since WeatherTech launched its company, its products and services always have been associated with the WEATHERTECH mark.  The WEATHERTECH mark is highly distinctive with regard to WeatherTech's goods and services and customers of the same are accustomed to seeing and expecting to see the WEATHERTECH mark in connection with said goods and services.

15.     As a result of the nature and quality of WeatherTech's goods and services, its widespread use of the WEATHERTECH mark, extensive and continuous media coverage, the high degree of consumer recognition of the WEATHERTECH mark, and WeatherTech's enormous and loyal customer base, its numerous trademark registrations, and other factors, the WEATHERTECH mark is famous within the meaning of Section 43(c) of the United States Trademark Act, 15 U.S.C. § 1125(c).     WeatherTech also owns the website www.weathertech.com.

16.     WeatherTech's use of the mark WEATHERTECH has permeated all channels of media, including the Internet, print publications, radio advertising and television advertising. WeatherTech has spent 27 years and hundreds of millions of dollars in advertising, all centered around its WEATHERTECH mark.  WeatherTech, and its WEATHERTECH trademark, are famous.

17.     WeatherTech has created, through great expense and effort, photographs of the goods (the "Images"), each of which is an original work authored by WeatherTech. WeatherTech assigned its copyrights in the Images, and in certain works into which the Images

were incorporated, to MNIP, its commonly controlled affiliate. MNIP in turn granted an exclusive license to WeatherTech to use the images. WeatherTech or MNIP has obtained, from the United States Copyright Office, registrations of the copyright in the Images and/or in certain published and displayed works in which the Images were and are used. True and correct copies of the copyright registrations are attached as Exhibit 3. WeatherTech is the legal owner of an exclusive right in the copyrights, and under 17 U.S.C. § 501(b) has the right to institute an action for infringement of the copyrights.

18. The effective dates of many of the registrations as set forth in Exhibit 3 precede the infringing acts of Defendants described below.

19. WeatherTech recently became aware that Defendant John Butler owns and operates a website under the uniform resource locator (URL) http://www. WeatherSpec.com/ ("Defendants' website"). A screen capture of the home page of this web site is attached as Exhibit 4.

20. Defendants' website offers WEATHERTECH products for sale.

21. Consumers may buy WEATHERTECH products directly from the Defendants' website.

22. Defendants' website, WeatherSpec.Com, is a sophisticated and fully interactive site that allows customers to view items for sale by Defendants, purchase them and arrange for their payment and delivery all through the website. Defendants' website includes numerous photographs of WeatherTech's products.

23. WeatherTech recently discovered that Defendants had copied, from WeatherTech's website www.weathertech.com and for use on the WeatherSpec.com website, at least 23 photographs authored by WeatherTech and depicting WeatherTech's products.

24.     WeatherTech discovered that Defendants are using the mark WEATHERTECH in ways that extend far beyond the fair use labeling of the WEATHERTECH products they are reselling.  In the header of the web site, Defendants state, "Specialists in WeatherTech Protection Products."  A few lines below this appears the line, "WeatherSpec's Exclusive 60 Day 'I'm Happy with my WeatherTechs' Warranty."  Below this appears, "Specialists in: WeatherTech Floor Mats, Digital Fit Floormats, Bedliners, Pet Ramps and all WeatherTech Car Care Products."  In the footer of the site there appears, "WeatherTech Floor Mat Specialists."

25.     Defendants do not have permission from WeatherTech to hold themselves out as "Specialists" of WeatherTech's products.  In fact, WeatherTech does not in any way sponsors or endorses Defendant as a reseller, warrantor or specialist.

26.     WeatherTech has established a class of resellers of its goods called "Authorized Resellers."  In order to become a WeatherTech Authorized Reseller, a reseller has to meet WeatherTech's stringent criteria relative to knowledge, presentation of its store(s), training of its staff and expertise.  Defendants are not now nor have they ever been an Authorized Reseller of WeatherTech.

27.     Defendants' use of "Weathertechs" as a noun, implicitly to describe WEATHERTECH vehicle floor trays and/or the WEATHERTECH vehicle floor mats,  damages the distinctiveness of the WEATHERTECH mark by using the mark WEATHERTECH in a generic sense, to Plaintiffs' damage.

28.     The conduct of Defendants is deliberate and intentional and is specifically intended to enrich Defendants and harm and damage Plaintiffs.  Defendants' use of WeatherSpec.com is likely to cause confusion, mistake and deceive potential customers as to the affiliation, connection or association of Defendants with Plaintiffs and as to whether or not

-8-

MNIP or WeatherTech had any connection with the commercial activities of Defendants. These misrepresentations are false designations of origin, false descriptions of fact and create a likelihood of confusion as to the source, origin, sponsorship, or approval of Defendants' commercial activities.

29.     Defendants have willfully infringed upon and diluted Plaintiffs' trademark WEATHERTECH which is distinctive and famous within the meaning of 15 U.S.C. §1125(c).

30.     The registration of the domain name of WeatherSpec.com by Defendants is cyberpiracy proscribed by 15 U.S.C. §1125(d).

31.     The conduct of Defendants has occurred in, continues to occur in and has caused damage to Plaintiffs in this District and elsewhere.

## COUNT I: COPYRIGHT INFRINGEMENT

32.     Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 31 hereof.

33.     WeatherTech created, through great expense and effort, certain photographs ("the Images") which are wholly original works authored by WeatherTech as works made for hire by WeatherTech's employees. WeatherTech or its affiliate, MNIP, has obtained, from the United States Copyright Office, copyright registrations for collections of photographs including many of the Images, and for certain published works in which certain of the Images appear, and for a 2014 version of WeatherTech's web site www.weathertech.com in which many of the Images appear, and for certain single photographs.  True copies of all such registrations are attached hereto as Exhibit 3.  Plaintiffs attach hereto as Exhibit 5 a key and table of 23 photographs and the Certificates of Registration covering such photographs.  Plaintiffs further attach hereto as

Exhibit 6 true and accurate copies of each of the 23 photographs or pages of the works in which they were published or displayed.

34.     By copying and publicly displaying the Images from Plaintiffs' copyrighted works, Defendants have willfully infringed Plaintiffs' copyrights in and relating to the Images in violation of the U.S. Copyright Act, 17 U.S.C. §501 et seq.

35.     Defendants' wrongful use of the Images is deliberate, willful, and in reckless disregard of Plaintiffs' copyrights, entitling Plaintiffs to the recovery of damages and Defendants' profits in an amount to be proved at trial.

36.     The effective dates of registration of the copyright in certain of the Images (particularly Photos 1, 3, 6, 8, 9, 17, 18, 19 and 23) precede the date that Defendants commenced their infringement thereof.  Therefore, relative to these Images, Plaintiffs are entitled to an award of its attorneys' fees under 17 U.S.C. § 505, and, as Plaintiffs may elect at any time before final judgment is rendered, and as an alternative to actual damages, statutory damages under 17 U.S.C. § 504, in an amount as the court considers just.

37.     Because Defendants' infringement of Plaintiffs' pre-registered copyrights was willful, per 17 U.S.C. § 504(c)(2) Plaintiffs are further entitled to an increase of the award of statutory damages to an amount of $150,000, for each work so infringed.

## COUNT II – FEDERAL TRADEMARK INFRINGEMENT

38.     Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 37 hereof.

39.     WeatherTech is the exclusive licensee of the valid and subsisting, federally registered mark WEATHERTECH® and the good will of the business represented thereby. MNIP is the owner of record of the registered mark WEATHERTECH® and each of the federal registrations in Exhibit 2.

40.     Both WeatherTech and Defendants offer their products and services through the same channels of trade, specifically the Internet.

41.     On information and belief, Defendants intentionally adopted a service mark and trade name, WEATHERSPEC, that is so visually and phonetically similar to the WEATHERTECH mark that the consuming public will immediately note the similarities with the famous mark WEATHERTECH, will form a mental association between WEATHERTECH and Defendants' mark WEATHERSPEC, and will therefore believe that there is some connection between Defendants and WeatherTech.  This association will be made by consumers despite Defendants' attempted disclaimer, "WeatherSpec.com is not owned or affiliated with the brand factory site WeatherTech.com."

42.     Defendants' service mark and trade name "WeatherSpec" (a) has the formative "weather"; (b) is three syllables long; (c) has a third syllable "spec" that has the same vowel and phonetic "k" ending as does WEATHERTECH; and (d) is even selectively capitalized in the style WeatherTech uniformly employs, i.e., "WeatherSpec."

-11-

43. Defendants' continued use of the trade name WeatherSpec will injure WeatherTech by causing a likelihood that the public will be confused or mistaken into believing that the goods or services provided by Defendants are endorsed or sponsored by Plaintiffs.

44. Defendants' continued use of the phrases, "Specialists in WeatherTech Protection Products", "WeatherSpec's Exclusive 60 Day 'I'm Happy with my WeatherTechs' Warranty" , "Specialists in WeatherTech Floor Mats, Digital Fit Floormats, Bedliners, Pet Ramps and all WeatherTech Car Care Products", and "WeatherTech Floor Mat Specialists" are a false advertisement and imply a sponsorship, affiliation or endorsement from MNIP or WeatherTech, where no such sponsorship, affiliation or endorsement exists, resulting in a likelihood of confusion on the part of consumers.

45. Plaintiffs have no control over the nature and quality of the retail and warranty services offered by Defendants under the WeatherSpec trade name and mark. Plaintiffs' reputation and goodwill are and will be damaged and the value of Plaintiffs' registered mark and will be jeopardized by Defendants' continued use of the WeatherSpec name and mark. Because of the likelihood of confusion between the parties' marks, any defects, objections, or faults found with Defendants' services marketed under the WeatherSpec name and mark would negatively reflect upon and injure the reputation that Plaintiffs have established for the goods it offers in connection with the registered WEATHERTECH Marks. As such, Defendants are liable to Plaintiffs for infringement of a registered mark under 15 U.S.C. §1114.

46. Defendants' acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiffs' business, reputation, and goodwill. Plaintiffs have no adequate remedy at law as monetary damages are inadequate to compensate Plaintiffs for the injuries caused by the Defendants.

47.     As a result of Defendants' infringement of Plaintiffs' registered mark, Plaintiffs have incurred damages in an amount to be proven at trial.

48.     Defendants' intentional and willful infringement of the WEATHERTECH® mark, and disregard of Plaintiffs' rights, renders this case an exceptional case pursuant to 15 U.S.C. § 1117(a).

49.     Unless enjoined by the Court, Defendants will continue to use the WeatherSpec mark and trade name and infringe the WEATHERTECH mark, to Plaintiffs' irreparable injury.

## COUNT III –FEDERAL TRADEMARK DILUTION

50.     Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 49 hereof.

51.     Defendants' use in interstate commerce of the "WEATHERSPEC" name in connection with the promotion, advertisement and sales of vehicle-related products on their website constitutes a reproduction, counterfeit, copy and/or colorable imitation of the WEATHERTECH® mark and therefore infringes upon the same.

52.     As a result of the enormous publicity and advertising campaign for more than 27 years by WeatherTech, and the strong and loyal base of customers that enjoy WeatherTech's goods and services, the WEATHERTECH mark has a high degree of consumer recognition, is widely recognized by the general consuming public of the United States as a designation of WeatherTech's goods, and is famous.

53.     The WEATHERTECH mark became famous long before Defendants wrongfully traded on the same.

54.     Defendants use a confusingly similar website name and trade name, WeatherSpec, in trying to divert consumers to their website and is likely to cause an association between

Defendants' website and the WEATHERTECH mark that impairs the distinctiveness of the WEATHERTECH mark and weakens the connection in consumers' minds between the WEATHERTECH mark and Plaintiffs.  Defendants' wrongful use of the WEATHERSPEC mark and trade name is likely to cause dilution by tarnishment and blurring based on a number of relevant considerations, including, but not limited to:

(a)     Defendants' use of the WEATHERSPEC mark is confusingly similar to the WEATHERTECH mark itself;

(b)     The WEATHERTECH mark is inherently distinctive;

(c)     WeatherTech is engaging in substantially exclusive use of the WEATHERTECH mark in connection with automotive aftermarket products;

(d)     The WEATHERTECH mark is widely recognized by the general consuming public;

(e)     Defendants' retail and warranty services may produce a negative result and damage to the goodwill represented by the WEATHERTECH mark as a result;

(f)     Defendants' use of the term "specialist" is likely to cause confusion, or to cause mistake or to deceive consumers as to the affiliation, connection, association or relationship between the Defendants and Plaintiffs and cause confusion and mistake, or deceive consumers as to the sponsorship or approval of Defendants' commercial activities by Plaintiffs.  Further, Defendant's use of the word "specialist" implies a degree of expertise in Plaintiffs' goods that Defendants do not have.

-14-

(g)     On information and belief, Defendants intend to create an association between themselves and the WEATHERTECH Mark.

55.     Defendants' acts have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiffs' mark, business, reputation and goodwill. Plaintiffs have no adequate remedy at law as monetary damages are inadequate to compensate Plaintiffs for injuries caused by Defendants.

56.     As a result of Defendants' acts as alleged above, Plaintiffs have incurred damages in an amount to be proven at trial.

57.     Defendants' wrongful use of the WEATHERSPEC Mark is deliberate, willful, fraudulent, and without any extenuating circumstances, and constitutes a willful intent to trade on WeatherTech's reputation or to cause dilution of the famous WEATHERTECH Mark and creates an exceptional case within the meaning of Lanham Act section 35, 15 U.S.C. § 1117. Plaintiffs are therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, and prejudgment interest.

## COUNT IV U.S. FEDERAL FALSE DESIGNATION OF ORIGIN

58.     WeatherTech repeats and realleges each and every allegation set forth in Paragraphs 1 through 57 hereof.

59.     In addition to its own goods, WeatherTech sells the goods of others on its web site and at its retail store.  In so doing, WeatherTech uses the mark WEATHERTECH in connection with retail store services featuring automotive products.

60.     Defendants' use in interstate commerce of the "WEATHERSPEC" name in connection with the promotion, advertisement, warranty and sales of WeatherTech products

constitutes a reproduction, counterfeit, copy and/or colorable imitation of the WEATHERTECH® mark and therefore infringes upon the same.

61.    Such acts by Defendants are likely to cause confusion and deception among the purchasing public and/or are likely to lead the consuming public to believe that MNIP or WeatherTech has authorized, approved, or somehow sponsored Defendants' use of the Marks in connection with Defendants' services.

62.    Defendants' use of the term "specialist" is false advertising and likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection, association or relationship of the Defendants with WeatherTech and cause confusion, mistake, or deceive consumers as to the sponsorship, or approval of Defendants' commercial activities by WeatherTech.  Further, Defendants' use of "specialist" implies a degree of expertise in Plaintiffs' goods that Defendants in fact do not have.

63.    Defendants' use of Plaintiffs' copyrighted photographs act to further the impression, by consumers visiting the WeatherSpec web site, that Defendants' retail and warranty services are authorized, sponsored or approved by WeatherTech.

64.    The aforesaid wrongful acts of Defendants constitute the use of a false designation of origin and false description or representation, all in violation of 15 U.S.C. § 1125(a).

65.    Defendants' acts alleged have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiffs' WEATHERTECH mark, business, reputation and goodwill. Plaintiffs have no adequate remedy at law as monetary damages are inadequate to compensate Plaintiffs for injuries caused by Defendants.

66. As a result of Defendants' acts as alleged above, Plaintiffs have incurred damages in an amount to be proven at trial.

67. Defendants' wrongful use of the WEATHERSPEC Mark is deliberate, willful, fraudulent, and without any extenuating circumstances, and constitutes a willful intent to trade on WeatherTech's reputation or to cause dilution of the famous WEATHERTECH mark. Such use makes this action an exceptional case within the meaning of Lanham Act section 35, 15 U.S.C. § 1117. Plaintiffs are therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, and prejudgment interest.

## COUNT V – COMMON LAW TRADEMARK INFRINGEMENT

68. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 67 hereof.

69. Defendants' acts alleged herein, and specifically, without limitation, Defendants' use of the WEATHERTECH and WEATHERSPEC marks, infringe WeatherTech's exclusive trademark rights in the WEATHERTECH mark, in violation of the common law.

70. Defendants' acts as alleged have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiffs' WEATHERTECH mark, business, reputation and goodwill. Plaintiffs have no adequate remedy at law as monetary damages are inadequate to compensate Plaintiffs for injuries caused by Defendants.

71. As a result of Defendants' acts as alleged above, Plaintiffs have incurred damages in an amount to be proven at trial.

72. Defendants' wrongful use of the WEATHERSPEC Mark is deliberate, willful, and in reckless disregard of WeatherTech's trademark rights, entitling Plaintiffs to the recovery of punitive damages.

-17-

## COUNT VI – ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

73.     Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 72 hereof.

74.     Defendants' knowing and willful copying and colorable imitation of Plaintiffs' mark WEATHERTECH® is intended by Defendants to allow it to free-ride on Plaintiffs' substantial investment in the WEATHERTECH mark and the hard-earned goodwill and excellent reputation of Plaintiffs.

75.     Defendants' knowing and continued sales of WEATHERTECH products from the WeatherSpec site, and any future sales of WEATHERTECH products from the WeatherSpec site, to unsuspecting Illinois consumers, has created a substantial likelihood of confusion and caused mistake and deception in Illinois consumers' minds because the Defendants are holding themselves out as "Specialists" in Plaintiffs' goods, when in fact no Defendant has been appointed as an Authorized Reseller of WeatherTech nor does any Defendant have any other sort of endorsement from Plaintiffs.  Further, Defendants' website name is deliberately misleading.

76.     The above-described knowing and willful conduct constitutes  a deceptive trade practice within the meaning of Section 2 of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

77.     As a result of Defendants' continued misrepresentations and misuse of Plaintiffs' WEATHERTECH mark, Plaintiffs have suffered and will continue to suffer irreparable harm to its goodwill and reputation with their consumers, who will confuse the source or origin of the retail and warranty services advertised on the WeatherSpec website with the source or origin of WEATHERTECH products and services.  Plaintiffs have no adequate remedy at law for the immediate and continuing harm.

78.     As a result of Defendants' acts as alleged above, Plaintiffs have incurred damages in an amount to be proven at trial.

### COUNT VII – ILLINOIS COMMON LAW – UNFAIR COMPETITION

79.     Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 78 hereof.

80.     For many years, Plaintiffs have expended substantial sums of money creating, advertising, promoting, establishing and supporting their WEATHERTECH® mark and with its customers and Illinois and American consumers in general.

81.     As a result of Plaintiffs' substantial investment and hard work over the years, as well as Plaintiffs' commitment to quality, excellence, expertise and customer service, Plaintiffs have earned tremendous goodwill and a fine reputation with consumers and the trade, who associate Plaintiffs with the WEATHERTECH mark.

82.     Defendants are aware of the above facts, and have sought to wrongfully capitalize on Plaintiffs' fine reputation and goodwill by advertising, promoting and selling WeatherTech products using the WEATHERSPEC name on their website, which is an intentional attempt to copy and/or create a colorable imitation of the WEATHERTECH mark.  Defendants also have falsely held themselves out as "specialists" relative to WeatherTech's products, when in fact they have not been appointed Authorized Resellers by Plaintiffs and have no other endorsement or sanction of Plaintiffs.  As a result of Defendants' wrongful conduct, Defendants are able to free-ride off of Plaintiffs' substantial investment and hard-work by causing confusion among consumers in the marketplace and attempting to identify or associate their products with WeatherTech and/or confuse consumers that this is the case.  Separate and apart from causing confusion, Defendants' wrongful conduct also involves their ability to free-ride off of the

-19-

substantial investment and effort that Plaintiffs have put into developing the same. Plaintiffs have been, are, and will continue to be damaged by Defendants' actions and Plaintiffs do not have an adequate remedy at law. Defendants' actions have damaged, and will continue to damage, Plaintiffs' business, market, reputation and goodwill. As a result of Defendants' acts as alleged above, Plaintiffs have incurred damages in an amount to be proven at trial.

## COUNT VIII – UNJUST ENRICHMENT

83. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 82 hereof.

84. For many years, Plaintiffs have expended substantial sums of money creating, advertising, promoting, establishing and supporting their WEATHERTECH® mark with their customers and Illinois and American consumers in general. As a result of Plaintiffs' substantial investment and hard work over the years, as well as Plaintiffs' commitment to quality, excellence, expertise and customer service, Plaintiffs have earned tremendous goodwill and a fine reputation with consumers and the trade, who associate Plaintiffs with the WEATHERTECH mark.

85. Defendants are aware of the above facts, and have sought to wrongfully capitalize on Plaintiffs' fine reputation and goodwill by advertising, promoting and selling WEATHERTECH products, and Defendants' warranty and retail sales services, using the WEATHERSPEC trade name, and using the confusing WeatherSpec website, which is an intentional attempt to copy and/or create a colorable imitation of the WEATHERTECH mark. Defendants have wrongfully held themselves out as "specialists" in WeatherTech's products.

86. As a result of Defendants' wrongful conduct, Defendants are able to free-ride off of Plaintiffs' substantial investment and hard-work by causing confusion among consumers in

the marketplace and attempting to identify or associate their products and services with Plaintiffs and/or confuse consumers that this is the case.

87.     Defendants unjustly have received the benefit of Plaintiffs' substantial investment in their mark and its hard-earned goodwill and fine reputation.

88.     Defendants have been unjustly enriched.

89.     It would violate the principles of justice, equity and good conscience for Defendants to retain this benefit.

90.     To avoid an unjust enrichment, Plaintiffs should be awarded damages reflecting Defendants' enrichment, among other relief.

## COUNT IX – VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT – 815 ILCS 505 et seq.

91.     Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 90 hereof.

92.     In violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, Defendants have engaged in at least the following unfair and/or deceptive acts or practices:

    a)      By their use of its infringing website "WeatherSpec" and their infringing and confusing use of the WEATHERTECH mark and designation as a "specialist", Defendants have confused consumers as to the relationship between Plaintiffs and Defendants and falsely attempted to represent that Defendants have some special relationship to Plaintiffs; and

    b)      Other false statements and misrepresentations, concealments, suppressions or omissions according to proof.

-21-

93.     Defendants intended for consumers to suffer confusion and to misrepresent the source of its products by implying such a special relationship.

94.     Defendants' unfair and deceptive acts and practices occurred in the normal course of trade or commerce.

95.     Through their unfair and deceptive acts and practices, Defendants have harmed Plaintiffs and American and Illinois consumers of their products.

## COUNT X – TRADEMARK DILUTION, ILLINOIS TRADEMARK AND REGISTRATION ACT, 765 ILCS 1036 *et seq.*

96.     Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 95 hereof.

97.     The WEATHERTECH mark is distinctive and famous within the meaning of section 65 of the Illinois Trademark and Registration Act, 765 ILCS § 1036/65.

98.     Defendants' misappropriation and use of WeatherSpec began after the WEATHERTECH mark became famous.

99.     Defendants' continued use of WeatherSpec.com, the "specialist" designation and WEATHERSPEC Marks is likely to cause injury to Plaintiffs' business reputation and/or the dilution of the distinctive quality of Plaintiffs' famous WEATHERTECH mark, in violation of the Illinois Trademark and Registration Act, 765 ILCS § 1036/65.

100.    Defendants' acts alleged have caused, and if not enjoined will continue to cause, irreparable and continuing harm to WeatherTech's mark, business, reputation and goodwill. WeatherTech has no adequate remedy at law as monetary damages are inadequate to compensate WeatherTech for injuries caused by Defendants.

101. Defendants' wrongful use of the WEATHERTECH and WEATHERSPEC Marks is deliberate, willful, and in reckless disregard of Plaintiffs' trademark rights, entitling Plaintiffs to the recovery of damages in an amount to be proved at trial, and treble damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray:

A. That this Court grant preliminary and permanent injunctive relief enjoining Defendants and all others acting in concert with and having knowledge thereof, from using the WEATHERSPEC trade name and mark, and any similar trade name or mark or variant thereof, as a trade name, trademark, service mark, domain name, or for any other purpose;

B. That this Court order Defendants to stop holding themselves out to be "Specialists" relative to the sale or warranty of Plaintiffs' goods;

C. That this Court order Defendants to cease using the WEATHERTECH mark in connection with Defendants' warranty services;

D. That this Court order Defendants to stop reproducing, publicly displaying and otherwise using MNIP's copyrighted images, including but not limited to the display of such images on any web site owned or controlled by any Defendant;

E. That this Court order Defendants to account to Plaintiffs any and all revenues and profits that Defendants derived from their wrongful actions and to pay all damages which Plaintiffs have sustained by reason of the acts complained of herein, and that such damages be trebled;

F. That this Court award Plaintiffs the costs of this action, pre and post- judgment interest, and reasonable attorneys' fees and expenses;

G. That this Court award Plaintiffs punitive damages;

H.      Grant Plaintiffs such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

MACNEIL IP LLC

MACNEIL AUTOMOTIVE
PRODUCTS LIMITED
d/b/a WEATHERTECH

Dated: May 23, 2016          By:          /s/      Timothy M. Schaum
                                        One of Their Attorneys

Timothy M. Schaum
Daspin & Aument LLP
227 W. Monroe Street
Suite 3500
Chicago, IL 60606
312-258-1600
tschaum@daspinaument.com